Richards *v.* Pierce.

———————◇———————

THOMAS B. RICHARDS, *in Eq.*, *versus* SAMUEL A. PIERCE & *al.*

Whether or not a complainant in equity, who has made a tender before commencing his suit to redeem a mortgage, must bring the tender into Court, *quere.*

In equity, where the complainant claims under an officer's sale, *in invitum*, he is justified, in asserting his right against other persons, in making the execution debtor a party.

Where a creditor caused his debtor's right to redeem a prior mortgage to be sold on execution, and, after the time for redemption had expired, he commenced a suit in equity against the assignee of said mortgage to redeem it, making the execution debtor also a party respondent; and alleged, among other things, that a certain other mortgage therein described, given by said debtor to the other respondent was fraudulent and void as to the complainant, and prayed for permission to redeem the former mortgage, that the latter might be declared void, &c.; — *Held*, that on demurrer, the bill would not be dismissed on the ground of multifariousness, or misjoinder of parties.

Where, in such a suit, both respondents testify that the amount purporting to be secured by the second mortgage was actually due to the mortgagee when it was given, and explain the several items constituting the amount; and, on the other hand, the complainant proves that said mortgagee had declared that said amount was not due; and it appeared that the mortgager had subsequently used the mortgage for his own benefit, with the assignment of the mortgagee for that purpose; — *Held*, that although these facts threw doubt upon the *bona fides* of the transaction, the evidence is insufficient to overcome the testimony of the respondents.

ON REPORT.

BILL IN EQUITY.

The case came up to be heard on bill, demurrer, answer and proof.

The material facts sufficiently appear in the opinion of the Court.

*Shepley & Dana*, for the complainant.

*Fessenden & Butler*, for the respondents, contended that,

The bill was multifarious, seeking to redeem two distinct mortgages, of different dates, originally between different parties, founded on different transactions, in no wise dependent on each other, — and seeking to redeem upon distinct and independent grounds, raising distinct and separate issues.

There was a misjoinder of parties, — respondent Richards' interest in the property having ceased when his right to redeem the officer's sale of his right in equity expired.

Counsel elaborately argued the question of bringing tender into Court; but the view taken by the Court renders a report of the argument unnecessary.

The opinion of the Court was drawn by

DAVIS, J. — The premises in controversy were mortgaged by Stephen M. Richards, one of the defendants, to James H. Baker, August 30, 1850, to secure the sum of six hundred dollars, ($600.) April 25, 1859, this mortgage was assigned by Baker to Pierce, the other defendant. But, before that time, Feb. 5, 1858, the plaintiff had recovered a judgment against the mortgager, and had caused his right of redemption to be sold upon the execution. This right was purchased by Elias Lunt, who transferred it to the plaintiff; and he, thereupon, tendered the amount supposed to be due, and commenced this suit to redeem the premises from the mortgage.

The money tendered has not been brought into Court. Whether the same rule applies to cases in which the *plaintiff* must make a tender *before* commencing a suit, as to those cases in which the *defendant* makes a tender in a suit already commenced, may be doubtful. But it will not be necessary for us to express any opinion in regard to the sufficiency of the tender in this respect.

For the plaintiff alleges in his bill that the defendant Rich-

ards, March 20, 1855, gave to Pierce, the other defendant, another mortgage, to secure a pretended claim of twenty-three hundred dollars, ($2300;) that Pierce had no such claim; and that the mortgage, so given, was designed to defraud the creditors of said Richards, of whom the plaintiff was one. And the prayer of this part of the bill is, that that mortgage be declared void, and that Pierce be required to cancel and discharge it.

Both of the defendants have demurred to the bill, on the ground that it is multifarious, and that there is a misjoinder of parties.

When a bill contains a joint claim against several defendants, and also a separate and distinct claim against one of the defendants only, it is multifarious, and will be dismissed on demurrer. *Boyd* v. *Hoyt*, 5 Paige, 65; *Swift* v. *Eckford*, 6 Paige, 22. But, if either of the claims, upon its own allegations, is insufficient to entitle the plaintiff to relief, then, upon demurrer, there being but one sufficient claim, that will not fail because another, which is insufficient, is joined with it. *Pleasants* v. *Glasscock*, 1 Sm. & Marsh., 17. And one claim, for one and the same subject matter, may be made against several parties, though their interests are distinct and different. *Bugbee* v. *Sargent*, 23 Maine, 269; *Fellows* v. *Fellows*, 4 Cow., 682.

In the case at bar, the plaintiff seeks to have the second mortgage cancelled, on the ground that, as to him, it is fraudulent and void. If the first mortgage had been paid and discharged, he might contest the validity of the second in an action at law. But until then, his only remedy is in equity. And his suit is well brought against both of the parties to the alleged fraud.

He also seeks, in the same bill, to redeem the premises from the first mortgage. Such distinct claims may be joined, if the parties interested are all the same. Has the defendant *Richards* any interest in this claim to redeem, so that he was properly made a party?

If the plaintiff's claim is good, then he holds the entire

right of redemption, and the defendant Richards has no interest whatever in the premises. But if he had not been made a party, he would not have been concluded by a decree for redemption. As it is, notwithstanding his demurrer, he denies in argument the plaintiff's title to the equity, under the officer's sale of it. It is often the case, in equity, that one is made a party defendant, with good reason, simply for the purpose of barring any subsequent claim of title. Where one claims under an officer's sale, *in invitum*, though not bound to do it, he is certainly justified, in asserting his right against other persons, in making the execution debtor a party. If, in his answer, he disclaims all right and interest, and he has made no such claim since the sale, then, while he is bound by the decree against the others, he will be entitled to a decree in his favor for costs. But the bill will not be dismissed for the reason that he is a party ; nor will it be held multifarious if there is another claim in which he admits that he has an interest with the other defendants. The defendant Richards was properly made a party to the bill, in both of the claims embraced in it.

Richards has made no answer to the bill. But Pierce has answered ; and the case is presented upon the testimony.

Both of the defendants testify that the amount purporting to be secured by the second mortgage was actually due to Pierce when it was given. This, with the explanation of the items, is the substance of the evidence on one side.

On the other side there is testimony that Pierce had declared that the amount was not due. And it appears that Richards, the other defendant, subsequently used the mortgage for his own benefit, with the assignment of Pierce for that purpose. These facts throw some doubt upon the good faith of the transaction. But the burden of proof is upon the plaintiff ; and we cannot say that the evidence is sufficient to overcome the testimony of the defendants. The circumstances lead us to suspect fraud ; but, aside from the declarations of Pierce, they are not necessarily inconsistent with good faith. And the evidence of declarations is too

uncertain in its nature to be entirely satisfactory. We must therefore dismiss the bill, with single costs for the defendants.

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.